**UNITED STATES, Plaintiff, Appellee,**

v.

**Abraham SERRANO–OSORIO, a/k/a Casquero, a/k/a Abraham Colon–Osorio, Defendant, Appellant.**

**No. 98–1990.**

United States Court of Appeals,
First Circuit.

Heard June 7, 1999.

Decided Aug. 30, 1999.

Ignacio Fernández-de Lahongrais, by appointment of the Court, for appellant.

Camille Vélez–Rivé, Assistant United States Attorney, with whom Guillermo Gil, United States Attorney, and Jorge E. Vega–Pacheco, Assistant United States Attorney, Chief, Criminal Division, were on brief, for appellee.

Before LYNCH, NOONAN* and LIPEZ, Circuit Judges.

NOONAN, Circuit Judge.

Abraham Serrano–Osorio (Serrano) appeals his conviction for carjacking in violation of 18 U.S.C. § 2119(2) & (3) and his life sentence for murder in connection therewith, together with his conviction of using a firearm in the carjacking in violation of 18 U.S.C. § 924(c)(1), (3). We affirm the judgment of the district court.

## FACTS

At trial, the government's principal witness, Wilfredo Cabrera–Batista (Cabrera) testified that on January 19, 1993 he was a security guard for St. James Company standing in the town square of Río Grande, Puerto Rico at about 6:30 in the evening. An acquaintance, Rubén Rivera–Trujillo (Rivera), drove by in a champagne-colored

* Of the Ninth Circuit, sitting by designation.

Mitsubishi Montero. Cabrera asked Rivera for a ride. After driving a block they passed Serrano on a street corner. Serrano had known Cabrera for nine years and asked Cabrera if he too could have a ride. Cabrera, in turn, asked Rivera to oblige Serrano because Serrano was going to the same area where Cabrera lived. Rivera agreed. Cabrera got in the back seat and Serrano the front passenger seat.

Immediately after getting in, Serrano pulled something from his waist that Cabrera could not see and told Rivera to take him to a different area, "La Pescadería" in Loíza. Rivera complied. When they reached La Pescadería Serrano told Rivera to stop the car and ordered both Rivera and Cabrera to get out. When he got out, Cabrera saw that Serrano had a revolver in his hand. Serrano grabbed Rivera by the neck and put the gun to his head. They both fell to the ground. Cabrera asked Serrano if he needed money and threw $180 on the ground near him. He heard two shots and saw Serrano pointing the gun at Rivera's head. He then ran and was himself shot in the buttocks and in the back. Serrano, however, did not pursue him. Cabrera escaped into a pasture and from a hill saw Serrano drive off in the Mitsubishi Montero. The medical examiner testified that Rivera died by gunshot to his head. Another witness testified that later in the evening Serrano arrived at a grocery store in a champagne-colored Mitsubishi Montero and that he carried a gun in the right-hand pocket of his jeans.

The government also presented evidence that the FBI took Cabrera's statement on February 25, 1994 as to what had happened and that Cabrera had identified Serrano as the carjacker and killer of Rivera. The FBI searched for Serrano in Puerto Rico and was unable to find him although he continued to have property in Puerto Rico. A fugitive investigation ensued. On June 29, 1995 the FBI arrested Serrano in the Dominican Republic.

The defense introduced a single witness, a notary public and attorney, Noemí Caraballo–López (Caraballo), who had been a lawyer for 11 years. She testified that on May 31, 1997 Cabrera had come to her office and stated that he wanted to make a sworn statement. She took notes of what he wanted to say and gave them to her secretary who typed them out. After the statement was typed she read it to Cabrera, who signed it. The document ended with two declarations: "I sign this statement without having been intimidated fully and voluntarily and without any coercion whatsoever." And: "What I have stated is the truth and nothing but the truth, in witness whereof I sign this statement in Río Grande, Puerto Rico on May 31, 1997."

In this sworn statement Cabrera declared that an argument had arisen between Rivera and Serrano; that Rivera got out of the car and started looking under the seat and took out a firearm; that then Serrano got out and began to struggle with Rivera on account of the gun; and that eventually Serrano succeeded in taking the gun from Rivera and shot him. At the trial Cabrera stated that he supplied this statement because he was paid $140 by the brother of Serrano who asked him to help get his brother out of the carjacking charge and told Cabrera that he would give him $5,000 more if his brother did get out of the charge. He further stated that he was intimidated by the brother and two other men and that the notary public had been chosen by Serrano's wife.

### PROCEEDINGS

On July 5, 1995, Serrano was indicted. A jury trial began on February 17, 1998. At the conclusion of the evidence Serrano moved under Federal Rule of Criminal Procedure 29 for a judgment of acquittal, which the court denied.

Serrano did not object to the evidence offered as to the FBI search for him in Puerto Rico and its subsequent fugitive investigation. He did argue that the court should not instruct the jury as to flight. The court, however, instructed the jury that it could consider intentional flight by the defendant, noting that in its consideration of the evidence of flight the jury should consider that "there may be reasons for the defendant's actions that are fully consistent with innocence." The court also reminded the jury that the government had the burden of proof as to whether the defendant had engaged in intentional flight. Serrano made no objection to the instructions actually given.

The jury convicted Serrano of carjacking and of use of a gun. At the sentencing hearing Serrano moved for a downward departure pursuant to U.S.S.G. § 2A1.1, Application Note 1. The government replied that Serrano was guilty of felony murder. The court heard an allocution from Serrano in which he declared that he was innocent of intentionally killing Rivera. The court held that Rivera had been killed under circumstances that would constitute murder under 18 U.S.C. § 1111 and that therefore U.S.S.G. §§ 2B3.1 & 2A1.1 set a base offense level of 43, requiring Serrano be sentenced to life imprisonment.

Serrano appeals.

### ANALYSIS

■ *The Evidence of Guilt.* Serrano contends that the government's case depends on the testimony of Cabrera and that that testimony was perjured. This contention is based solely on the inconsistency between Cabrera's sworn statement before the notary and his testimony at trial. No doubt the statement before the notary shows the events in a different light from Cabrera's trial testimony, but it was the province of the jury to decide if and when he was telling the truth. He explained why his statement to the notary was not true. That a man can lie on one occasion does not establish that he is a perjurer in court. We will not second guess the jury's belief that he told the truth to it. *See United States v. Carroll,*

105 F.3d 740, 742 (1st Cir.), *cert. denied*, 520 U.S. 1258, 117 S.Ct. 2424, 138 L.Ed.2d 187 (1997).

■ *The Flight Instruction.* It was doubtful that Serrano effectively objected to the court instructing the jury on flight. Assuming, however, without deciding that there is an objection, the court did not err in what it did tell the jury it might consider if the government had convinced the jurors that Serrano had fled the jurisdiction. *See United States v. Hernandez–Bermudez,* 857 F.2d 50, 52 (1st Cir.1988).

■ *The Constitutionality of the Carjacking Statute.* Serrano argues that 18 U.S.C. § 2119 is not within the commerce powers of the Congress. We have rejected this contention. *See United States v. Rivera–Figueroa,* 149 F.3d 1, 3–4 (1st Cir.), *cert. denied sub nom. Rodriguez–Rodriguez v. United States,* —— U.S. ——, 119 S.Ct. 251, 142 L.Ed.2d 206 (1998).

■ *The Sentence.* The district court did not err in ruling that Serrano had committed felony murder. 18 U.S.C. § 1111. The district court's refusal to depart downward under Application Note 1 to U.S.S.G. § 2A1.1 is not reviewable.

**AFFIRMED.**