Ramirez-De Requeno v. Garland

BIA
Christensen, IJ
A208 895 136/847/848

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand twenty-two.

PRESENT:
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> BETH ROBINSON,
> *Circuit Judges.*

_____

CLAUDIA PATRICIA RAMIREZ-DE REQUENO,
CLAUDIA FERNANDA REQUENO-RAMIREZ,
JOEL BENJAMIN REQUENO-NOLASCO,
> *Petitioners,*

v.                                                  19-3201
                                                    NAC
MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

_____

**FOR PETITIONERS:**            Nicholas J. Mundy, Esq.,
                               Brooklyn, NY.

**FOR RESPONDENT:**            Ethan P. Davis, Acting Assistant
                               Attorney General; Nancy Friedman,
                               Senior Litigation Counsel; Sharon
                               M. Clay, Trial Attorney, Office of
                               Immigration Litigation, United
                               States Department of Justice,
                               Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Claudia Patricia Ramirez-De Requeno, Claudia Fernanda Requeno-Ramirez, and Joel Benjamin Requeno-Nolasco, natives and citizens of El Salvador, seek review of a September 9, 2019 decision of the BIA affirming a January 31, 2018 decision of an Immigration Judge ("IJ"), which denied asylum and withholding of removal. *In re Claudia Patricia Ramirez-De Requeno, at al.*, Nos. A 208 895 136/847/848 (B.I.A. Sept. 9, 2019), *aff'g* Nos. A 208 895 136/847/848 (Immigr. Ct. N.Y.C. Jan. 31, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of*

2

*Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014) (reviewing factual findings for substantial evidence and questions of law and application of law to fact *de novo*).

Petitioners—a wife, husband, and their minor child—alleged past persecution and a fear of future persecution by gangs that wanted control of their property. The agency did not err in denying asylum and withholding of removal.[1] To succeed on a claim for asylum or withholding of removal, Petitioners had the burden to show that gang members targeted them on account of their membership in a particular social group of landowners. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A). Requeno-Nolasco testified that the gang wanted the land where he and his family (including his parents, brothers, and their families) grew crops and tended cattle because it was flat, surrounded by three streets, and had a ditch where gang members could hide from law enforcement. He also testified that he had received threatening phone calls because a gang believed he had

---

[1] Petitioners do not assert a claim under the Convention Against Torture in this Court.

reported its activities to police. The phone calls, however, did not mention land. This testimony supports the agency's determination that the gang targeted Petitioners and their family not because Petitioners are landowners, but because possession of the family's land would further the gang's criminal enterprise. *See INS v. Elias-Zacarias*, 502 U.S. 478, 482 (1992) (finding that the applicant "must provide *some* evidence of [the persecutors' motives], direct or circumstantial"); *Paloka*, 762 F.3d at 198–99 (noting a distinction between whether an applicant is targeted for crime because of their membership in a particular social group or because they are a "likely target for criminal opportunistic behavior"); *Melgar de Torres v. Reno*, 191 F.3d 307, 313–14 (2d Cir. 1999) (holding that general crime and violence in a country is not a stated ground for asylum and withholding of removal); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007) ("When the harm visited upon members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and

4

Nationality Act].").

Moreover, even assuming a nexus to a protected ground, we find no error in the agency's conclusion that Petitioners failed to establish that the Salvadoran government was unable or unwilling to intervene. "[A]n applicant seeking to establish persecution based on [the] violent conduct of a private actor . . . must show that the government [1] condoned the private actions or [2] at least demonstrated a complete helplessness to protect the victims." *Scarlett v. Barr*, 957 F.3d 316, 331 (2d Cir. 2020) (internal quotation marks omitted). An applicant must "show more than government failure to act on a particular report of an individual crime, or difficulty . . . controlling private behavior." *Id.* (internal quotation marks and alterations omitted). The record supports the agency's conclusion that Petitioners failed to establish that the government is unable or unwilling to protect them. Requeno-Nolasco testified that: (1) local authorities captured some gang members prior to his brother's murder; (2) he did not report the gang members' threats to the police prior to the murder; (3) the police came to the scene of the murder and called in prosecutors to investigate;

and (4) the town mayor warned the family to be careful and sent security for the funeral. This record does not compel the conclusion that authorities in the area are unwilling to intervene or helpless to protect the Petitioners. *See Scarlett*, 957 F.3d at 331.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court